UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:97-CR-33 |
| | ) | |
| STEVEN FAIR | ) | |

## **O R D E R**

This supervised release revocation matter came before the Court on June 13, 2005, for a hearing at which time it was stipulated by the defendant that he violated standard conditions 2 and 6 of his supervised release as set forth in the Petition for Warrant for Offender Under Supervision. It was undisputed that the defendant's violation guideline range is now five (5) months to eleven (11) months, however, the defendant is subject to a maximum sentence of thirty-one (31) months under 18 *U.S.C.* §3583(e)(3) of the United States Code.

In determining his sentence, it is significant that this defendant is on his third term of supervised release in this case, his supervised release having been revoked twice prior. Also, this is the second time the defendant's revocation has been revoked for absconding from supervision, the defendant's has had two prior revocations based

on cocaine use, but during his current supervision has failed to report for drug screens.

The Court has carefully considered the policy statements of Chapter 7 of the United States Sentencing Commission Guidelines which reflect a revocation range of five to eleven months. Because the policy statements of Chapter 7 of the *U.S.S.C.G.* are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *U.S. v. West,* 59 F.3d 32 (6th Cir. 1995). Based upon the fact that the defendant has repeatedly violated the same conditions of his supervised release, the Court does not find that in the interest of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his supervised release, and the Court will impose a sentence authorized by 18 *U.S.C.* §3583(e)(3). Therefore, it is hereby **ORDERED** that the defendant is sentenced to serve a term of thirty-one (31) months of incarceration with no further term of supervised release. The Court **RECOMMENDS** that the defendant be designated to the federal facility at Beckley, West Virginia, that he participate in the 500 hour intensive drug treatment program, and that he receive medical evaluation and treatment

for problems with his knees. The defendant is **REMANDED** to the custody of the United State Marshal.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE